IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-08-025-JHP |
| | ) | |
| JOHNNY EDWARD SMITH, a/k/a "Tick," a/k/a "Little Johnny," | ) | |
| TERESA LOU MARTIN, a/k/a "Coo," | ) | |
| SEAN WARRIOR, a/k/a "Fat Boy," | ) | |
| NATHAN DAVON SIMMONS, | ) | |
| DANUEL JUNIOR DYER | ) | |
| MILTON TRAVIS WARRIOR, | ) | |
| PHILLIP JEROME WARRIOR, a/k/a P.J. Warrior, | ) | |
| OCQUINETTA ALICIA DAN, | ) | |
| JEREMY SHANE WOODARD, | ) | |
| OLYMPIA DENISE CALDWELL, | ) | |
| CLARENCE LEE PIERCE, III, a/k/a "Three," | ) | |
| UNA NISHETTA SMITH, and | ) | |
| VANCE EUGENE WINSLOW, III, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This matter comes on for decision on Defendant Una Nishetta Smith's Motion to Suppress (Dkt. # 207) any and all evidence obtained from a search of a residence located at 104 South E Street in Eufaula, Oklahoma, occurring on or about July 25, 2005, filed here in on June 20, 2008. On July 31, 2008, the Government filed a Response indicating they concurred with Defendant Smith's position that the motion to suppress should be sustained. *See*, Dkt. # 232.

According to the undisputed facts herein, on July 24, 2005, Muscogee Creek Nation Tribal Police Officer Jimmy Hamm, Jr. made contact with a white female in the parking lot of the Checotah Indian Casino who was seated in the driver's seat of a black Pontiac automobile. After placing this individual under arrest for possession of drug paraphernalia and possession of CDS and advising her of her Miranda rights, the female indicated to the officer she would be willing to do anything to keep from going to jail or losing her children. *See*, Exhibit A, Affidavit for Search Warrant at p. 2, ¶ 4d. Thereafter, the female advised the officer that she had been to the above-described location earlier in the evening and that she had observed "a couple of pounds" of ice (methamphetamine) as well as a large quantity of US currency. Based upon this information without any investigation to corroborate the statements of this individual, on July 25, 2008, this officer requested that a search warrant be issue for the above-referenced premises and a 5:25 a.m. a McIntosh County District Court Judge issued the warrant. *See*, Exhibit B, Search Warrant.

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV; *United States v. Mesa-Rincon*, 911 F.2d 1433, 1436 (10th Cir. 1990). The standard to be used for determining probable cause is a common sense one. *United States v. Wicks*, 995 F.2d 964, 972 (10th Cir. 1993), *cert. denied*, 510 U.S. 982, 114 S.Ct. 482, 126 L.Ed.2d 433 91993). Probable cause

2

is defined as "reasonable grounds for belief, supported by less than *prima facie* proof but more than mere suspicion." *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). "Probable cause for the issuance of a search warrant is defined in terms of whether the affidavit sets out facts and circumstances which indicate 'a fair probability that evidence of a crime will be located on the premises of the proposed search.'" *United States v. Finch*, 998 F.2d 349 (6th Cir. 1993). It requires "only the probability, and not a prima facie showing, of criminal activity. . . . ." *Illinois v. Gates*, 462 U.S. 213, 235, 103 S.Ct. 2317, 2330, 76 L.Ed.2d 527 (1983). The determination that this Court must make is whether "the issuing magistrate had a substantial basis for concluding that probable cause existed." *United States v. Corral*, 970 F.2d 719, 726 (10th Cir. 1992). Affidavits submitted in support of a probable cause determination should be judged by the totality of the circumstances standard outlined by the Supreme Court in *Gates*.

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for conclud[ing]" that probable cause existed. (citation omitted)

*Gates*, 462 U.S. 213, 38-39, 103 S.Ct. 2317, 2332. The Fourth Amendment's preference for warrants has led courts to be more inclined to affirm a law enforcement officer's determination of probable cause when it is supported by a search warrant. *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *United States v. Watson*, 423

3

U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976); and *United States v. $149,442.43 in United States Currency*, 965 F.2d 868, 872 (10th Cir. 1992). A reviewing court should give great deference to a magistrate judge's determination of probable cause. *United States v. Nolan*, 199 F.3d 1180, 1182 (10th Cir. 1999).

"Deference to the magistrate, however, is not boundless." *United States v. Leon*, 468 U.S. 897, 914, 104 S.Ct. 3405, 3416, 82 L.Ed.2d 677 (1984). Courts are required to insist "that the magistrate purport to "perform his 'neutral and detached' function and not serve merely as a rubber stamp for the police." *Id*. (quoting *Aguilar v. Texas*, 378 U.S. 108, 111, 84 S.Ct. 1509, 1512, 12 L.Ed.2d 723 (1964)). Furthermore, reviewing courts should insist that there was "sufficient information" presented to the magistrate to allow him to make an independent determine whether probable cause exists as opposed merely ratifying the mere conclusions of others. *Leon*, 468 U.S. at 915, 104 S.Ct. at 3416.

In this case, the parties agree that there was no independent corroboration of the information supplied by the driver of the black Pontiac automobile. Furthermore, the parties agree that the affidavit was so devoid of probable cause that no reasonable police officer should have relied upon the warrant. Accordingly, this Court finds the Motion to Suppress (Dkt. #207) should be granted. Therefore, all evidence seized as a result of the execution of the search warrant at 104 South E Street in Eufaula, Oklahoma, on or about July 25, 2005, shall be suppressed as it relates to the prosecution of Una Nishetta Smith.

It is so ordered on this 7th day of August, 2008.

James H. Payne
United States District Judge
Eastern District of Oklahoma